```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

```
In re:                         )
                               )
BRENT WILLIAM MASON &          )
ADRIENNE LOUSHELL MASON        ) Civil Action No. 5:06-155-JMH
                               ) (Consolidated with Civil Action
     Debtors                   ) No. 5:06-cv-244)
_____)
                               )
RICHARD F. CLIPPARD,           ) MEMORANDUM OPINION AND ORDER
U.S. Bankruptcy Trustee        )
                               )
     Appellant,                )
                               )
v.                             )
                               )
BRENT WILLIAM MASON &          )
ADRIENNE LOUSHELL MASON,       )
                               )
     Appellees.                )
```

                    **    **    **    **    **

In these two consolidated appeals, the United States Trustee seeks to review the Bankruptcy Court's decision to strike rather than dismiss debtors' petitions for failure to obtain credit counseling prior to filing for bankruptcy. The Court having been fully briefed, this matter is ripe for review. For the reasons that follow, the decision of the bankruptcy court is reversed.

**PROCEDURAL BACKGROUND**

On February 17, 2006, Brent William Mason and Adrienne Loushell Mason filed a pro se petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Kentucky, Case No. 06-50116. They did not obtain credit counseling, which is required prior to filing for

bankruptcy by Section 109(h) of the United States Bankruptcy Code, until March 2, 2006. As a result, the United States Trustee moved to dismiss the Masons' bankruptcy case on March 9, 2006. In response, the Masons moved to strike their bankruptcy petition.

Charles William Wilks filed a pro se petition for relief under Chapter 7 in the United States Bankruptcy Court for the Eastern District of Kentucky on February 28, 2006, Case No. 06-10030. Wilks did not obtain credit counseling until March 21, 2006. Since he was ineligible to be a debtor as a result of his failure to receive pre-petition credit counseling, Wilks moved to strike his bankruptcy petition.

In both cases, the bankruptcy court chose to strike the petition rather than dismiss the case. The United States Trustee appealed these decisions, and the appeals were consolidated on August 2, 2006.

## STANDING

The United States Trustee has directed this Court's attention to two cases where United States District Courts have questioned the Trustee's standing to bring an appeal of this issue. *Adams v. Finlay*, 2006 WL 3240522 at *3 (S.D.N.Y. 2006); *Order* at 4, *Gargula v. Thompson*, Case No. 06-cv-1033 (S.D. Ind. Dec. 4, 2006). This Court finds that the Trustee has standing to assert this case. Appellate standing in bankruptcy cases is normally limited by the "person aggrieved doctrine," which "limits standing to persons with

2

a financial stake in the bankruptcy court's order." *Fidelity Bank, Nat'l Ass'n v. M.M. Group, Inc.*, 77 F.3d 880, 882 (6th Cir. 1996). However, United States Trustees have broad appellate standing because they "are responsible for 'protecting the public interest and ensuring that bankruptcy cases are conducted according to law.'" *Morgenstern v. Revco D.S., Inc.*, 898 F.2d 498, 500 (6th Cir. 1990) (quoting H.Rep. No. 595, 95th Cong. 109, 2d Sess. 404, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 6070). The purpose of this appeal is to ensure that bankruptcy courts choose the appropriate remedy when a debtor is ineligible for bankruptcy relief because of his or her failure to obtain credit counseling. This falls within the Trustee's power to ensure that bankruptcy cases are conducted according to the law.

## STANDARD OF REVIEW

A district court may reverse a bankruptcy court's findings of fact only where the findings are clearly erroneous. *Nicholson v. Isaacman*, 26 F.3d 629, 631 (6th Cir. 1994). Moreover, the Sixth Circuit "has repeatedly observed that 'findings of fact anchored in credibility assessments are generally not subject to reversal upon appellate review.'" *United States v. Hudson*, 405 F.3d 425, 442 (6th Cir. 2005)(quoting *United States v. Taylor*, 956 F.2d 572, 576 (6th Cir. 1992)(en banc)). A bankruptcy court's conclusions of law, on the other hand, are reviewed *de novo*. *Id.* The appropriate standard of review in this case is *de novo* since it addresses only

the bankruptcy court's conclusions of law - i.e., its choice to strike rather than dismiss the ineligible debtors' petitions.

## APPLICABLE BANKRUPTCY CODE PROVISIONS

Section 109 of the Bankruptcy Code, 11 U.S.C. § 109, establishes rules that govern eligibility to be a debtor under the Code. In 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) amended Section 109 to require that all individuals receive credit counseling during the 180-day period prior to filing a petition in bankruptcy. 11 U.S.C. § 109(h)(1).

Section 301 provides: "A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter." *Id.* § 301. Under Section 302, joint cases are commenced in the same manner. *Id.* § 302.

Section 707 establishes that "a court may dismiss a case under [chapter 7] . . . for cause" and includes a nonexhaustive list of reasons that may constitute cause for dismissal. *Id.* § 707(a). One possible consequence of a dismissal is limited applicability of the automatic stay in subsequent bankruptcy filings. *See id.* § 362(c)(3).

Section 105 of the Code permits the Bankruptcy Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. The court in *In re Wilks*, one of the cases in this appeal, found that

4

the ability to strike a putative debtor's bankruptcy petition was within Section 105's grant of discretion.  *Order Granting Debtor's Motion to Strike Petition* at 6, *In re Wilks*, No. 06-10030 (Bankr. E.D. Ky. filed June 16, 2006).

## DISCUSSION

Most bankruptcy courts dismissed cases where the bankruptcy petitioner was ineligible to be a debtor because he or she did not obtain credit counseling.  *See, e.g., In re Seaman*, 340 B.R. 698 (Bankr. E.D.N.Y. 2006); *In re Ross*, 338 B.R. 134 (Bankr. N.D. Ga. 2006).  However, a minority of courts chose to strike rather than dismiss the petition, holding that the case is a nullity because the putative debtor was never eligible for bankruptcy relief in the first place.  *See, e.g., In re Carey*, 341 B.R. 798 (Bankr. M.D. Fla. 2006); *In re Rios*, 336 B.R. 177 (Bankr. S.D.N.Y. 2005).

The United States Bankruptcy Court for the Eastern District of Kentucky has stricken petitions on at least fifteen occasions, including the two involved in this appeal.  The primary issue in this case is whether the power to strike a case rather than dismiss it is within the bankruptcy court's discretion.

Under Section 105 of the Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105.  However, the Sixth Circuit has explained that Section 105 may not be used to legislate additional remedies that are unavailable under

5

the Bankruptcy Code. *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir. 2000).

In choosing to strike the ineligible debtors' petitions rather than dismiss their cases, the Bankruptcy Court is acting outside its Section 105 discretion. This Court finds particularly persuasive the explanation of the Bankruptcy Court for the Western District of Pennsylvania. In holding that dismissal was the appropriate remedy, the court explained that "[c]ourts rejecting dismissal in favor of the remedy of 'striking' the petition of an ineligible debtor rationalize such result on equitable grounds, as well as Section 301 of the Bankruptcy Code." *In re Tomco*, 339 B.R. 145, 157 (Bankr. W.D. Pa. 2006). However, there is no support for the remedy of striking a debtor's petition in the Bankruptcy Code. On the other hand, the dismissal remedy is explicitly set forth in Section 707 and is not limited to the conditions enumerated in that section. 11 U.S.C. § 707; *see also In Re Tomco*, 339 B.R. at 158.

This Court does not share the Bankruptcy Court's concerns regarding dismissal's negative effect on the automatic stay.[1]

---

[1] "Post-BAPCPA a debtor who files on the heels of a recently dismissed case is caught in the snare of section 362(c)(3)(A) and the automatic stay 'with respect to a debt or property securing such debt' terminates on the 30th day after the filing of the later case. 11 U.S.C. § 362(c)(3)(A). This code section added by BAPCPA may produce the same result in a subsequently filed case regardless of whether the prior dismissal was triggered by something as innocuous as debtor's lack of awareness of the pre-petition counseling requirement or by debtor's bad faith and abuse of the bankruptcy process." *Order Granting Debtor's Motion to Strike* at 3, *In re Clippard.* A debtor may obtain an extension of the stay if

While the debtor will incur some additional burden since he or she will be required to request an extension of the stay, it is hard to imagine that the Bankruptcy Court would not find a subsequent bankruptcy filing to be in good faith under the facts presented here.

Striking the debtor's petition could also have an unpleasant effect on the automatic stay. Some courts have found that striking the petition in effect renders the bankruptcy case void *ab initio*, and the putative debtor thereby suffers the unhappy result of retroactively losing the protection of the automatic stay. *See In re Salazar*, 339 B.R. 622, 631-32 (Bankr. S.D. Tex. 2006). This Court's ruling avoids that result entirely.

## CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court is **REVERSED** and **REMANDED** for further proceedings.

This the 5th day of February, 2007.



Signed By:

*Joseph M. Hood*

United States District Judge

---

he or she can show that the filing of the subsequent case is in good faith, 11 U.S.C. § 362(c)(3)(B), but Section 362(c)(3)(b) creates a rebuttable presumption that the subsequent case was not filed in good faith. The motion to extend the stay must be filed, and a hearing must be noticed and held, before the expiration of the thirty day period. 11 U.S.C. § 362(c)(3)(B).